# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| JABBAR MUHAMMAD ALI WILLIAMS; PAULETTE SMITH, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV418-121 |
| MICHAEL KARPF, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## ORDER

Proceeding *pro se* and *in forma pauperis*, Jabbar Williams brings this action against various state judicial and quasi-judicial officials, attorneys, the Garden City police department and its officers, and the Chatham County Counter Narcotic Team contending that his state criminal prosecution is unlawful. Doc. 1 at 1-110 & doc. 3 at 1-60 & doc. 4 at 1-5. He also seeks leave to proceed *in forma pauperis* (IFP), but it is not clear that the application is submitted on his own or both plaintiffs' behalves. *See* doc. 2. The Court therefore cannot evaluate plaintiffs' abilities to pay the filing fee. The Clerk of Court is **DIRECTED** to provide plaintiffs with a blank IFP application forms. Plaintiffs must *individually* complete and return their respective forms, sworn under

penalty of perjury to be true and correct, within 14 days of service of this Order.

Another threshold problem arises before the Court can preliminarily screen[1] their Complaint:

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name -- or by a party personally if the party is unrepresented. . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. P. 11(a).

Only Jabbar Williams has signed the Complaint, the Amended Complaints, and the IFP application.[2] Doc. 1 at 4-5 & 20; doc. 2 at 4; doc. 3 at 56-59; doc. 4 at 5. Because each plaintiff here is proceeding *pro se*, neither has any authority to represent the legal interest of any other party. *See FuQua v. Massey*, 615 F. App'x 611 (11th Cir. 2015) (right of

---

[1] In cases where the plaintiff seeks to proceed IFP, the Court is required to screen each case and must dismiss it at any time if the Court determines either that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

[2] Williams has also submitted what appears to be a request for the production and inspection of documents under the title "Amendment to Complaint." Doc. 8. If plaintiff wishes to serve discovery on defendants, he must do so pursuant to the Federal Rules of Civil Procedure -- meaning, any discovery requests are mailed to the party (or that party's attorney) from whom he seeks that discovery. *See* Fed. R. Civ. P. 5(b) (describing procedure for service). Discovery requests are *not* filed with the Court. Fed. R. Civ. P. 5(d) (initial disclosures and discovery requests/responses are *not* filed until they are used for a motion or the court orders them to be filed).

parties to appear *pro se* is limited to parties conducting their own cases and does not extend to non-attorney parties representing the interests of other). This means Williams cannot represent Smith. Each plaintiff must sign above their own name, thus signifying that they represent only themselves.

Within 14 days of the date this Order is served, then, the plaintiffs shall amend their Complaint and individual IFP applications with a proper signature page. Failure to do so will likely be fatal to their claim. Fed. R. Civ. P. 11(a) (courts "must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention"). Every filing thereafter must similarly abide by Rule 11(a)'s signature requirement. *See Bouttry v. United States*, 2012 WL 2153961 at *1 (S.D. Ga. June 13, 2012).

And finally, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007)). In other words, a complaint may not simply allege a wrong has been committed and demand relief. The pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation[;]" the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 555, 570). Further, while factual allegations are accepted as true, legal conclusions are not. *Id*. (quoting *Twombly*, 550 U.S. at 555).

Williams' single-page Third Amended Complaint is bereft of even a hint of the harm he alleges he suffered or the relief he seeks, though his statement that he is "totally innocent of all charges" suggests that he seeks to bring a malicious prosecution claim against defendants. Doc. 4 at 1. The flip side of the coin is that a meandering morass of words -- here 170 total pages' worth between docs. 2 and 3, some of which is entirely illegible and much of which is unorganized by claim or chronology -- violates Rule 8(a)(2)'s admonition as well. The court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Erickson v. Pardus*, 551 U.S.

89, 94 (2007). This liberal construction does not mean that the court has a duty to re-write the complaint. *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006). Plaintiffs must amend (and sign) their Third Amended Complaint within 14 days of service of this Order, alleging in as clear and concise a manner as possible precisely what happened, how they contend their civil rights have been violated, and what other claims (if any) they seek to bring.[3]

Plaintiffs are advised that their third amended complaint will

---

[3] To state a claim for relief under 42 U.S.C. § 1983, two elements must be satisfied. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." *Id.* Neither public defenders nor court-appointed defense counsel under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Wilson v. Dollar-Thrifty Auto Polk v. Dodson*, 454 U.S. 312, 325 (1981)) (public defenders); *Pearson v. Myles*, 189 F. App'x 865, 866 (11th Cir. 2006) (appointed counsel).

Judges, meanwhile, "are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity." *Williams v. Alabama*, 425 F. App'x 824, 826 (11th Cir. 2011) (quoting *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)). That absolute judicial immunity "applies even when [a] judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin*, 225 F.3d at 1239. And prosecutors enjoy "absolute immunity in § 1983 actions for activities that are 'intimately associated with the judicial phase of the criminal process.'" *Hart v. Hodges*, 587 F.3d 1288, 1294 (11th Cir. 2009) (quoting *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009)); *see also Imbler v. Pachtman*, 424 U.S. 409, 409 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir. 2013) (prosecutor entitled to absolute immunity for initiating prosecution *even if* he did so with malicious intent).

supersede the original complaint and therefore must be complete in itself. Once plaintiffs file a third amended complaint, the prior pleadings will no longer serve any function in the case. *See Malowney v. Fed. Collection Deposit Grp*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint"); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading").

In sum, plaintiffs are **ORDERED** to return their individual, completed IFP forms and their signed Third Amended Complaint within 14 days of service of this Order. Once plaintiffs have complied with the conditions of this Order, the Court will review their Third Amended Complaint to determine which, if any, claims are viable and which, if any, defendants should be served with a copy of the Third Amended Complaint. If no response is timely received from plaintiffs, the Court will presume that they desire to have this case voluntarily dismissed. Failure to comply with this Order shall result in the recommendation of dismissal of plaintiffs' case, without prejudice.

**SO ORDERED**, this  22nd  day of June, 2018.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA